## SHOREY *versus* HUSSEY.

If an officer have served a replevin writ, the legal presumption is, that he complied with the law by taking a replevin bond, although his return do not expressly state that fact.

A writ may be quashed, *upon motion*, for an insufficient service; but it must be made within the time allowed for pleading in abatement.

A party, having called the subscribing witness to prove the execution of an instrument, is not thereby precluded from proving by other persons that such witness had elsewhere made statements at variance from his testimony.

REPLEVIN, before HOWARD, J.

The defendant pleaded the general issue. Afterwards, finding that the officer's return did not state that a replevin bond

32 579
39 136
60 539
66 252

had been taken, he moved that the writ be quashed for that reason. The motion was overruled.

To prove title to the property, the plaintiff introduced his bill of sale, also the subscribing witness, who, in answer to the plaintiff's interrogatory, testified to its execution. He was then cross examined as to the consideration, delivery, &c.

To defeat the effect of that cross examination, the plaintiff, against the defendant's objection, introduced witnesses, who testified that said subscribing witness had made statements elsewhere, inconsistent with his testimony given in said cross examination. The verdict was for the plaintiff, and the defendant excepted.

*Morrill* and *Libbey*, for the defendant.

1. The writ was not duly served, and the court had no jurisdiction. R. S. chap. 130, sect. 3 and 10; *Purple* v. *Purple*, 5 Pick. 227.

2. The defect may be taken advantage of on motion, and if there be no jurisdiction, the court will dismiss in any stage of the proceedings. 11 Mass. 285; 21 Maine, 39.

3. The plaintiff could not lawfully impeach his own witness. 5 Pick. 194; 15 Pick. 534; 1 Stark. Ev. 146; 7 Cowen, 239; 17 Maine, 19; 27 Maine, 458.

*Lancaster & Baker*, for plaintiff.

Shepley, C. J., orally. — The statute, chap. 130, sect. 3 and 10, provides that a replevin writ shall not be served, unless a bond be given, &c. But no statute requires the officer to state affirmatively in his return, that he had taken a bond. If he serve the writ, the implication is that the bond was given. In the absence of proof, he is presumed to have acted as the law requires.

The object of the return is merely to bring the defendant into court, or make him responsible for not coming.

But, if the officer's return was insufficient, the objection comes too late. Though the objection may be taken on motion, it must be taken as early as if by plea in abatement.

The defendant has invoked the 27th rule. But it is inap-

plicable.  That rule relates only to classes of cases, entirely dissimilar to this.

The remaining part of the case raises the question, whether a party, having called a subscribing witness, may prove that such witness has elsewhere made statements at variance from his testimony.  But that point is settled in the case, *Dennett v. Dow*, 17 Maine, 19.                *Exceptions overruled.*